IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRONSON GARY DEAN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE<br><br><br>Case No. 2:19-CR-380 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Modify Sentence. For the reasons discussed below, the Court must deny Defendant's Motion.

## I.  BACKGROUND

Defendant was charged with assaulting, resisting, and impeding a federal officer in violation of 18 U.S.C. § 111(a)(1). Defendant came before the Court for sentencing on February 23, 2021. At that hearing, the Court suggested two possibilities: a sentence of 30 months' imprisonment with supervision to follow or a sentence of 37 months' imprisonment with no further supervision. Defendant elected for the shorter sentence to be followed by a period of supervised release. Defendant now moves to modify his sentence, citing a lack of stable housing once he is released. Defendant requests his sentence be amended to the longer term with no supervision.

## II.  DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1]  Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c) or Federal Rule of Criminal Procedure 36.[2]

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3]

> A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[4]

There is no motion from the Director of the BOP or the Defendant under § 3582(c)(1)(A), nor has Defendant's sentencing range been lowered by the Sentencing Commission.  Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  As Defendant brings this Motion after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[5]  Further, Defendant does not point to any arithmetical, technical, or other clear error in his sentence.  Rule 35(b) provides

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[4] *Id.* at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).  Section 3582(c)(1)(A) has since been amended by the First Step Act to expand a prisoner's ability to seek compassionate release.  This amendment does not alter the Court's analysis.

[5] *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

for a reduction upon motion of the Government. Here, there is no motion by the Government. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." There is no such error here. Therefore, Rule 36 is inapplicable.

The Court is sympathetic to Defendant's request and his concern about finding adequate housing upon his release. However, this concern does not provide the Court with the authority to modify his sentence. Instead, the Court requests counsel contact United States Probation and Pretrial Services to attempt to address Defendant's housing concerns prior to his release.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Modify Sentence (Docket No. 42) is DENIED.

DATED this 18th day of October, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge